[818 NYS2d 586]

In the Matter of Tomas Greenberger, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, July 11, 2006

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Sharon F. Gursen* of counsel), for petitioner.

*Jerome Karp,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated March 17, 2005, containing three charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent's counsel has submitted an affirmation in which he requests that the Court confirm the findings of the Special Referee, consistent with his finding of a lack of any venal intent on the part of the respondent, and impose such discipline as it deems appropriate under the circumstances.

Charge One alleges that the respondent converted funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent maintained two attorney escrow accounts at Apple Bank and another attorney escrow account at Independence Community Bank (hereinafter Independence). In or about August 2001 he was retained to represent Mr. and Mrs. James Alvarado in the sale of certain real property in Brooklyn. On or about August 9, 2001, the respondent deposited a down payment of $27,000 into his Apple Bank escrow account. On or about November 6, 2001, he transferred the down payment with accrued interest, in the total sum of $27,182.42, to his other escrow account at Apple Bank. Following the Alvarados' closing on or about November 7, 2001, the respondent deposited closing proceeds totalling $57,660.10 into his Independence escrow account. On or about June 19, 2002, the respondent transferred $22,214.55 of the down payment from his escrow account at Apple Bank to his Independence escrow account.

The respondent was required to maintain at least $78,000 in his escrow account on behalf of the Alvarados from ap-

proximately June 19, 2002, through December 19, 2002. By October 31, 2002, the balance in his Independence escrow account was depleted to $26,599.13.

Charge Two alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about December 23, 2002, the respondent deposited the sum of $368,147.67 into his escrow account at Independence. That sum represented monies entrusted to him as a fiduciary on behalf of his client, Mr. Cordi. By December 24, 2002, the balance in that account had been depleted to $299,338.42.

Charge Three alleges that the respondent failed to maintain required records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent failed to maintain a contemporaneous ledger book or similar record for his attorney escrow accounts showing the source of all funds deposited, the names of all persons for whom funds were held, the amount of such funds, the amounts of withdrawals from the accounts, and the names of all persons to whom such funds were disbursed.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all three charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee has apprised the Court that the respondent has no prior disciplinary history. As evidence of his good character, the respondent asks the Court to consider that the only person who suffered any financial loss as a result of his practices was himself.

The respondent presented a number of character letters from professionals in the real estate business, the main area of concentration of his practice. The respondent was praised for his trustworthiness and reputation for honesty and integrity.

The respondent asks the Court to take note of the Special Referee's observations that he "was trying to do too much and failed to properly monitor his bank accounts." He emphasizes that the Special Referee found no evidence of venality.

Although the charges are couched in terms of conversion, the evidence indicates that no client suffered financial loss, that

there was no venal intent, and that the respondent has since undertaken appropriate remedial measures. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Tomas Greenberger, is suspended from the practice of law for a period of two years, commencing August 7, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Tomas Greenberger, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Tomas Greenberger has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).